UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------------
FRANK SACCO,

        Petitioner,

    -v.-                                                       9:07-CV-0078
                                                                            (NAM)(GJD)

UNITED STATES PAROLE COMMISSION, *et al*.,

        Respondents.
------------------------------------------------------------------------------
APPEARANCES:

FRANK SACCO
Petitioner, *pro se*
03-A-5346

GLENN T. SUDDABY
Office of the United States Attorney       CHARLES E. ROBERTS, ESQ.
Attorney for Respondent                       Assistant United States Attorney

GUSTAVE J. DIBIANCO, U.S. MAGISTRATE JUDGE

## **ORDER**

By Order dated July 17, 2007 this Court struck Petitioner's Motion for Summary Judgment from the Court's docket. *See* Dkt. No. 10. Presently before the Court is a Motion for Reconsideration of the July 17, 2007 Order. Docket No. 11. Respondent has not opposed this Motion.

A.    **The Standard.**

A court may justifiably reconsider its previous ruling if: (1) there is an intervening change in the controlling law; (2) new evidence not previously available comes to light or (3) it becomes necessary to remedy a clear error of law or to prevent manifest injustice. *Delaney v. Selsky*, 899 F.Supp. 923, 925 (N.D.N.Y. 1995) (McAvoy, C.J.) (citing *Doe v. New York City Dep't of Soc. Servs.*, 709 F.2d 782, 789 (2d Cir.), *cert. denied*, 464 U.S. 864 (1983)).

B.    **Petitioner's Motion.**

Petitioner's Motion for Summary Judgment was stricken from the Court's docket

because the rules governing habeas corpus cases do not provide for such motion. Dkt. No. 10.

In his Motion for Reconsideration, Petitioner argues that:

> While the court had the legal basis to dismiss plaintiff's motion for summary judgment, it did have an alternative under habeas corpus jurisdiction and also the duty to fashion appropriate modes of procedure by analogy to existing Rules or otherwise in conformity with judicial usage. Dkt. No. 11.

Petitioner further argues that

> ... nothing in the Rules of Civil Procedure indicate that petitioner's motion for summary judgment had to be authorized by the Court. By reason that petitioner's habeas corpus petition is civil in nature, Rule 56, Federal Rules of Civil Procedure apply to petitioners case along with the other rules, thus eliminating leave of the court to file a motion for summary judgment. *Id.*

**C.   Discussion.**

As petitioner is now aware, there is a separate set of rules that govern habeas proceedings. Those eleven rules establish the process by which habeas proceedings are filed and adjudicated. Rule 11 of those rules permits application of the Federal Rules of Civil Procedure only "to the extent they are not inconsistent with any statutory provisions or these rules ..." Rule 11 of the Rules Governing Section 2254 Cases.

Under the Rules Governing Section 2254 Cases a petition, answer, and reply are expressly permitted. *See* Rules 3 and 5. Notably absent from the Rules Governing Section 2254 Cases is *any* provision for the filing of dispositive motions. Thus, this Court reads the Rules to limit the filings in habeas proceedings to the petition, an answer, and a reply. The Court notes that the Local Rules also permit the filing of a memorandum of law in support of the petition and answer. *See* Local Rule 72.4 and General Order #31.

The only exceptions to the filings permitted by the Rules discussed above are found in Rules 6 and 7 of the Rules Governing Section 2254 Cases, both of which require that the party seek leave of Court to make additional filings. Rule 6 permits a party to request leave of the court to conduct discovery. Rule 7 permits the judge to direct the parties to file

additional materials "relating to the petition." There are no rules entitling either party to file any papers, other than a petition, answer, reply, and memoranda of law, in a habeas proceeding without leave of court.

Petitioner in this case has already submitted a great deal of arguments and documents in support of his petition. There is no reason to file a "motion" because the case is now ready for decision and will be reviewed in due course. Accordingly, the Court finds that Petitioner has not made a showing of any of the above-listed facts that would permit this Court to grant Petitioner's Motion for Reconsideration, and the Motion must be denied.

WHEREFORE, in light of the above, it is hereby

ORDERED, that Petitioner's Motion for Reconsideration (Docket No. 11) is denied, and it is further

ORDERED, that the Clerk serve a copy of this Order on the parties in accordance with the Local Rules.

Dated: September 27, 2007

_____
Hon. Gustave J. DiBianco
U.S. Magistrate Judge