UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

FRANK SACCO,

                  Petitioner,

         V.

UNITED STATES PAROLE COMMISSION,
et al

                  Respondent.
_____

**REPORT AND
RECOMMENDATION**

07-CV-78
(NAM/VEB)

## I. INTRODUCTION

On January 22, 2007, Frank Sacco, proceeding pro se, filed a petition for a writ of
habeas corpus pursuant to 28 U.S.C. § 2241 challenging an alleged parole revocation by
the United States Parole Commission. See (Docket No. 1).  Pursuant to 28 U.S.C. § 636(b),
this matter was referred to the undersigned for the issuance of a Report and
Recommendation on the disposition of Sacco's petition. See (Docket No. 13).

## II. Petitioner's Death Has Rendered the Petition Moot

According to the New York State Department of Corrections ("DOCS") website[1],
Petitioner died on August 9, 2007.  Through his habeas petition, Petitioner did not contest
his conviction, rather the alleged revocation of parole.  Because petitioner's death means

_____

[1]see http://nysdocslookup.docs.state.ny.us

that there is no relief that this Court can grant to him, see, e.g., Calderon v. Moore, 518 U.S. 149, 150, 116 S.Ct. 2066, 135 L.Ed.2d 453 (1996) (citation omitted), his petition for a writ of habeas corpus has been rendered moot. Accord, e.g., Garceau v. Woodard, 399 F.3d 1101, 1101 (9th Cir.2005) (dismissing habeas petition as moot where petitioner died while in custody); Griffey v. Lindsey, 349 F.3d 1157. 1157 (9th Cir.2003) (dismissing habeas petition as moot where petitioner died while in custody); Rivera v. Pearlman, No. 02 Civ. 2399(LAK), 2004 WL 533333, at *1 (S.D.N.Y. Mar.16, 2004) (dismissing habeas petition brought under 28 U.S.C. § 2241(c) where petitioner died after he filed the petition; petition was mooted since there was no relief that could be granted to him).  Accordingly, Sacco's petition for a writ of habeas corpus should be dismissed as moot.

## III. CONCLUSION

For the reasons set forth above, the Court recommends that the petition for a writ of habeas corpus filed by Petitioner be DISMISSED as moot on the basis that Petitioner is deceased.

Respectfully submitted,

Victor E. Bianchini
United States Magistrate Judge

DATED:      September 18, 2008

Syracuse, New York

2

## IV. ORDERS

Pursuant to 28 USC §636(b)(1), it is hereby ordered that this Report & Recommendation be filed with the Clerk of the Court and that the Clerk shall send a copy of the Report & Recommendation to all parties.

**ANY OBJECTIONS to this Report & Recommendation must be filed with the Clerk of this Court within ten(10) days after receipt of a copy of this Report & Recommendation in accordance with 28 U.S.C. §636(b)(1), Rules 6(a), 6(e) and 72(b) of the Federal Rules of Civil Procedure, as well as NDNY Local Rule 72.1(c).**

**FAILURE TO FILE OBJECTIONS TO THIS REPORT & RECOMMENDATION WITHIN THE SPECIFIED TIME, OR TO REQUEST AN EXTENSION OF TIME TO FILE OBJECTIONS, WAIVES THE RIGHT TO APPEAL ANY SUBSEQUENT ORDER BY THE DISTRICT COURT ADOPTING THE RECOMMENDATIONS CONTAINED HEREIN.** Thomas v. Arn, 474 U.S. 140 (1985); F.D.I.C. v. Hillcrest Associates, 66 F.3d 566 (2d. Cir. 1995); Wesolak v. Canadair Ltd., 838 F.2d 55 (2d Cir. 1988); see also 28 U.S.C. §636(b)(1), Rules 6(a), 6(e) and 72(b) of the Federal Rules of Civil Procedure, and NDNY Local Rule 72.1(c).

Please also note that the District Court, on *de novo* review, will ordinarily refuse to consider arguments, case law and/or evidentiary material *which could have been, but were not*, presented to the Magistrate Judge in the first instance. See Patterson-Leitch Co. Inc. v. Massachusetts Municipal Wholesale Electric Co., 840 F.2d 985 (1st Cir. 1988).

3

SO ORDERED.

September 18, 2008

Victor E. Bianchini
United States Magistrate Judge